UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LEROY HUBERT

VERSUS

CITY OF BATON ROUGE/PARISH
OF EAST BATON ROUGE,
DEPARTMENT OF PUBLIC WORKS

CIVIL ACTION

NUMBER 08-515-SCR


**<u>RULING ON MOTION TO DISMISS AND/OR JUDGMENT ON THE PLEADINGS</u>**

Before the court is a Motion to Dismiss and/or Judgment on the Pleadings filed by defendant the City of Baton Rouge, Parish of East Baton Rouge, Department of Public Works.  Record document number 12.  No opposition has been filed.

Plaintiff filed this action on August 14, 2008 alleging that on or about June 14, 2006 he was denied a promotion to the position of assistant wastewater collection system manager, when the defendant "went outside the division to select an individual whose work history was not as strong as the plaintiff, ... which violated the City of Baton Rouge and the Department of Public Works' policy to promote from within."  Plaintiff claimed that he was denied the promotion because of his race and in retaliation for filing past charges of race discrimination.  Plaintiff alleged jurisdiction based on federal claims under 42 U.S.C. §§ 2000e-2 and 2000e-3 (Title VII), 42 U.S.C. § 1983 and 42 U.S.C. § 1981.  Plaintiff also alleged supplemental jurisdiction for state law claims under

Louisiana Civil Code Article 2315.[1]

Defendant moved to dismiss all of the plaintiff's claims except for the claims alleged under Title VII.[2]  Defendant asserted that the plaintiff's claims under § 1981, § 1983 and Article 2315 are prescribed, because the applicable limitations period for each of these claims is one year, and the plaintiff's complaint was not filed until over two years after he was denied the promotion.

In evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts as true the well-pleaded factual allegations in the complaint, and views them in the light most favorable to the plaintiff.  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face.  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, ____ U.S. ____, 128 S.Ct. 1231 (2008).  A complaint "does not need detailed factual allegations," but must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true "raise a right to relief above the speculative level."  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007), citing, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).

---

[1] Complaint, ¶¶ 1, 2 and 8.

[2] Plaintiff's claims against defendant David B. Ratcliff were dismissed for failure to timely serve him within the time allowed by Rule 4(m), Fed.R.Civ.P.  Record document number 16.

The law relevant to the determination of this motion to dismiss is found in the statutes and jurisprudence establishing the statute of limitations governing federal claims under § 1983 and § 1981 and state law claims under Article 2315.

Section 1981 does not contain a limitations period. Section 1981 employment discrimination claims that are based on conduct occurring after the formation of a contract have a four year statute of limitations under 28 U.S.C. § 1658(a). *Jones v. R.R. Donnelley & Sons* Co., 541 U.S. 369, 124 S.Ct. 1836 (2004); Johnson *v. Crown Enterprises, Inc.*, 398 F.3d 339, 341 (5th Cir. 2005). Whereas, a claim cognizable under § 1981 before it was amended by the Civil Rights Act of 1991, such as a claim based on the failure to enter into a new contract, is governed by the relevant state personal injury limitations period, which in Louisiana is the one year prescriptive period for tort actions.[3] *Id.*; *Michel v. Saint-Gobain Containers, Inc.*, 2005 WL 3339568 (W.D.La. Dec. 8, 2005).[4] Under the pre-1991 version of § 1981 a failure to promote claim was actionable if the promotion rose to the level of an opportunity for a new and distinct relation between the employee and the employer.

---

[3] Louisiana Civil Article 3492.

[4] Such claims were viable under § 1981 before it was amended by the Civil Rights Act of 1991. Therefore, Louisiana's one year limitations period applies to claims arising under the pre-1991 version of § 1981. *Smith v. Aaron's Inc.*, 325 F.Supp.2d 716, 723 (E.D.La. 2004).

*Blanson v. Graphic Packaging International, Inc.*, 2007 WL 438193 (W.D.La. Jan. 9, 2007), citing, *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 2377 (1989).

Section 1983 also does not contain a statute of limitations, so that the law of the forum, in this case Louisiana, applies and prescribes a one year period under Article 3492. *Elzy v. Roberson*, 868 F.2d 793, 794-95 (5th Cir. 1989). The same one year prescriptive period applies to state law tort claims alleged under Article 2315.

Plaintiff alleged that he was denied the promotion on or about June 14, 2006. Plaintiff did not file suit until August 14, 2008, which is two years and two months after the alleged discriminatory denial of the promotion. Thus, a review of the plaintiff's allegations shows that it is apparent on the face of the complaint that the plaintiff's claims under § 1983 and Article 2315 are prescribed. Plaintiff has not argued or come forward with anything to show otherwise.

Whether a one year or four year prescriptive period applies to the plaintiff's § 1981 claim, turns on whether the promotion was an opportunity for a new and distinct relationship between the plaintiff and his employer. If the promotion would give rise to such a new relationship, the one year period of Article 3492 is applicable. If the circumstances of the promotion would not result in a new and distinct relationship between the plaintiff and the

4

City-Parish, then the four year prescriptive period under federal law would apply.

Defendant has not shown that the one year prescription period of Article 3492 is applicable. Plaintiff alleged that he was denied a promotion to assistant wastewater collection system manager because of his race and in retaliation for filing past charges of race discrimination. Plaintiff alleged that the defendant "went outside the division to select an individual whose work history was not as strong as the plaintiff, ... which violated the City of Baton Rouge and the Department of Public Works' policy to promote from within." Accepting these factual allegations as true and construing them in the light most favorable to the plaintiff as the court must do, a fair reading is that the plaintiff complains that the City-Parish denied him an internal promotion – one that would not have created a new and distinct employment relationship.

Plaintiff is also claiming retaliation. Any retaliation in connection with the promotion would have occurred after the plaintiff's initial hiring with the City-Parish public works department. These allegations could support application of the four year rather than the one year prescriptive period.

Plaintiff's allegations raise a right to relief above the speculative level - claims under § 1981 that are not prescribed.

Accordingly, the Motion to Dismiss and/or Judgment on the

Pleadings filed by defendant the City of Baton Rouge, Parish of East Baton Rouge, Department of Public Works, is granted in part, dismissing the plaintiff's claims brought under 42 U.S.C. § 1983 and Louisiana Civil Code Article 2315.  The motion is denied as to the plaintiff's claim alleged under 42 U.S.C. § 1981.

Baton Rouge, Louisiana, March 20, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE