UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEROY HUBERT

VERSUS

CITY OF BATON ROUGE/PARISH OF
EAST BATON ROUGE, DEPARTMENT OF
PUBLIC WORKS

CIVIL ACTION

NUMBER 08-515-SCR

**RULING ON MOTION FOR SUMMARY JUDGMENT**

Before the court is a Motion for summary Judgment filed by defendant the City of Baton Rouge, Parish of East Baton Rouge Department of Public Works.[1]  Record document number 23.  No opposition has been filed.

Plaintiff filed this action alleging that on or about June 14, 2006 he was denied a promotion to the position of Assistant Wastewater Collection System Manager when the defendant "went outside the division to select an individual whose work history was not as strong as the plaintiff, ... which violated the City of Baton Rouge and the Department of Public Works' policy to promote from within."  Plaintiff claimed that he was denied the promotion because of his race and in retaliation for filing past charges of race discrimination.  Plaintiff alleged jurisdiction based on federal claims under 42 U.S.C. §§ 2000e-2 and 2000e-3 (Title VII),

---

[1] Plaintiff's claims against defendant David B. Ratcliff were dismissed without prejudice for failure to timely serve him within the time allowed by Rule 4(m), Fed.R.Civ.P.  Record document number 16.

and 42 U.S.C. §§ 1981 and 1983.  Plaintiff also alleged supplemental jurisdiction for state law claims under Louisiana Civil Code Article 2315.  In a ruling issued March 20, 2009 the plaintiff's claims under § 1983 and Article 2315 were dismissed based on prescription.[2]  Defendant now moves for summary judgment as to the plaintiff's remaining claims of race discrimination and retaliation under Title VII and § 1981.

Defendant argued that summary judgment should be granted because the plaintiff has no evidence to establish a prima face case of discrimination or retaliation.  Defendant also asserted that the plaintiff does not have any evidence to dispute its legitimate, nondiscriminatory and nonretaliatory reasons for selecting another person.  In support of the motion the defendant submitted a Statement of Uncontested Material Facts[3] and the affidavit of Monica Sprull, Assistant Public Works Director.[4]

---

[2] Record document number 17.

[3] Record document number 23-2.

[4] Record document number 24.  Sprull stated that in her position she is assigned to the Office of Workforce Development for the Department of Public Works.  Part of her duties are to participate in employee interviews and selections for promotions as well as oversee and investigate Department of Public Works employee EEO complaints.  Sprull stated that she is a black female.  Sprull Affidavit, ¶ 1.
     Plaintiff's complaint did not allege his race.  However, the defendant's Statement of Uncontested Material Facts asserts that the plaintiff's race is black.  Record document number 23-2, statement number 1.

**<u>Summary Judgment Standard and Applicable Law</u>**

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence, or resolve factual disputes. *Id.*; *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110 (2000). On summary judgment, evidence may only be considered to the extent not based on hearsay or other information

excludable at trial. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

The applicable substantive law dictates which facts are material. *Canady v. Bossier Parish School Bd.*, 240 F.3d 437, 439 (5th Cir. 2001). In this case the court must apply the law applicable to race discrimination and retaliation claims brought under Title VII and § 1981.

**Race Discrimination Claims under Title VII and § 1981**

The well-established *McDonnell Douglas*[5] framework is applied to consideration of disparate treatment claims brought under Title VII and § 1981.[6] To establish a prima facie case of race discrimination, the plaintiff must demonstrate that he is: (1) a member of a protected class; (2) sought and was qualified for an available position; (3) was rejected for that position, i.e. subject to an adverse employment action, and (4) that the position was filled by someone from outside the protected class, or that other similarly situated persons outside the protected class were

---

[5] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973).

[6] The analysis of claims for employment discrimination under Title VII and § 1981 are identical, the only substantive differences between the two statutes being their respective statute of limitations and the requirement under Title VII that the employee exhaust administrative remedies. *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005); *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004).

treated more favorably.  *Grimes v. Texas Dept. of Mental Health*, 102 F.3d 137, 140 (Cir. 1996); *Okoye v. University of Texas Houston Health Science Center*, 245 F.3d 507, 512-13 (5th Cir. 2001).  The elements of a plaintiff's prima facie case necessarily vary depending on the particular facts of each case, and the nature of the claim.  *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 n. 3 (5th Cir. 1996); *McDonnell Douglas*, 411 U.S. at 802 n. 13, 93 S.Ct. at 1824 n. 13.

A plaintiff's prima facie case creates an inference of discrimination that shifts the burden of production to the defendant to come forward with evidence that the adverse employment action was taken for a legitimate, nondiscriminatory reason.  The burden is one of production, not persuasion, and "can involve no credibility assessment."  *Reeves*, 530 U.S. at 142, 120 S. Ct. at 2106, *citing*, *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509, 113 S.Ct. 2742, 2748 (1993); *Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 902 (5th Cir. 2000).

Once the employer articulates a legitimate nondiscriminatory reason and produces competent summary judgment evidence in support of it, the inference created by the prima facie case drops out of the picture. *Russell v. McKinney Hospital Venture*, 235 F.3d 219, 222  (5th Cir. 2000).  The *McDonnell Douglas* framework with its presumptions and burdens disappears, and the only remaining issue is discrimination vel non.  The fact finder must decide the

ultimate question of whether the plaintiff has proven intentional discrimination. *Id.*; *Reeves*, *supra*.

A plaintiff may attempt to establish that he was the victim of intentional discrimination by offering evidence that the employer's legitimate nondiscriminatory reason is unworthy of belief. The trier of fact may also consider the evidence establishing the plaintiff's prima facie case and inferences properly drawn from it, on the issue of whether the defendant's explanation is pretextual. *Reeves*, *supra*; *Russell*, 235 F.3d at 222-23. Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated. *Reeves*, 120 S.Ct. at 2108-09; *Russell*, 235 F.3d at 223.

Whether summary judgment is appropriate in any particular case will depend on a number of factors including the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence relevant to the employer's motive. *Reeves*, 120 S.Ct. at 2109; *Crawford*, 234 F.3d at 902. The ultimate determination in every case is whether, viewing the evidence in the light most favorable to the plaintiff, a reasonable fact finder could infer discrimination. *Crawford*, *supra*.

As a result of the Supreme Court's decision in *Desert Palace*

*v. Costa*, 539 U.S. 90, 123 S.Ct. 2148 (2003), the Fifth Circuit has developed a modified *McDonnell Douglas* approach under which a plaintiff relying on circumstantial evidence in support of his claim is not limited to demonstrating that the defendant's reason is pretextual, and may alternatively establish that discriminatory animus was a motivating factor in an adverse employment decision. *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 341 (5th Cir. 2005); *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 351-352 (5th Cir. 2005), *citing*, *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 311 (5th Cir. 2004).

The parties' burdens under the modified *McDonnell Douglas* approach are as follows:

> [Plaintiff] must still demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive alternative).

*Machinchick*, 398 F.3d at 352; *Keelan*, 407 F.3d at 341.

Therefore, in order to withstand summary judgment, using direct or circumstantial evidence, the plaintiff is required to present sufficient evidence for a reasonable jury to conclude that race was a motivating factor for the defendant's employment action. *Roberson v. Alltel*, 373 F.3d at 652.

**Retaliation Under Title VII and § 1981**

A plaintiff establishes a prima facie case for unlawful retaliation under 42 U.S.C. § 2000e-3(a) and § 1981[7] by proving: (1) that he engaged in activity protected by Title VII or § 1981, (2) that an adverse employment action occurred, and (3) that a causal connection exists between the protected activity and the adverse employment action. *Lemaire v. State of Louisiana*, 480 F.3d 383 (5th Cir. 2007); *Foley*, 355 F.3d at 339-340.

An employee has engaged in protected activity if he has (1) opposed any practice made an unlawful employment practice by the statute, or (2) made a charge, testified, assisted, or participated in any manner in a Title VII investigation, proceeding, or hearing. *Grimes*, 102 F.3d at 140.  The opposition clause requires the employee to show that he had at least a reasonable belief that the practices he opposed were unlawful. *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996).  However, proof of an actual unlawful employment practice is not required to state a claim for unlawful retaliation.  *Id.*, at 309, n.10, *citing*, *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1137-41 (5th Cir. 1981).

---

[7] Section 1981 protects against retaliation for opposition to race discrimination in the workplace. *Foley v. Univ. of Houston System*, 355 F.3d 333, 339 (5th Cir. 2003); *Swanson v. City of Bruce, Miss.*, 105 Fed.Appx. 540, 543 (5th Cir. 2004).

8

The causal link required by the third prong of the prima facie case does not have to meet a "but for" standard. A plaintiff does not have to prove that his protected activity was the sole factor motivating the employer's challenged actions in order to establish the causal link element of a prima facie case. *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002). Close timing between an employee's protected activity and an adverse action against the employee may provide the causal connection needed to make out a prima facie case of retaliation. *McCoy v. City of Shreveport*, 492 F.3d 551, 562, n. 28 (5th Cir. 2007); *Swanson v. General Services Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997).

If the plaintiff establishes a prima facie case of retaliation, the defendant must come forward with a legitimate, nondiscriminatory reason for its adverse employment action. Once the defendant advances its reason, the focus becomes the ultimate issue in a retaliation case, which is whether the employer retaliated against the employee for engaging in protected activity.[8] Plaintiff is required to prove that the adverse employment action would not have occurred "but for" the protected activity. *Vadie v. Mississippi State University*, 218 F.3d 365, 374 (5th Cir. 2000); *Septimus* v. *University of Houston*, 399 F.3d 601,

---

[8] Once the employer offers a legitimate, nonretaliatory reason that explains both the adverse action and the timing, the plaintiff must offer some evidence from which the jury may infer that retaliation was the real motive. *McCoy*, *supra*.

608-09 (5th Cir. 2005). "Whether or not there were other reasons for the employer's actions, the employee will prevail only by proving that "but for" the protected activity she would not have been subjected to the action of which she claims." *Jack v. Texaco Research Center*, 743 F.2d 1129, 1131 (5th Cir. 1984); *Strong v. University Health Care System, L.L.C.*, 482 F.3d 802, 806 (5th Cir. 2007). Although not in itself conclusive, the timing of an employer's actions can be a significant factor in the court's analysis of a retaliation claim. *Gee*, 289 F.3d at n.3, *citing*, *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 44 (5th Cir. 1992).

## **Analysis**

Defendant's Statement of Uncontested Material Facts and the affidavit of Sprull establish the following undisputed facts relevant to the plaintiff's claims of race discrimination and retaliation.

Plaintiff is an employee of the defendant's Department of Public Works and in June 2006 he applied for the position of Assistant Wastewater Collection Systems Manager. Plaintiff met the qualifications for the job with an equivalent combination of training and experience. He participated in the selection process and was interviewed by a selection committee that consisted of Sprull,, Wastewater Collections Systems Manager David Ratcliff and

Wastewater Treatment Plant Manager Walter Jenkins.[9]  Plaintiff was not selected for the position.  The selection committee made a unanimous decision to give the job to John Ward.  Ward is black.[10]

According to the uncontested summary judgment evidence, Ward was chosen because he was the most knowledgeable and experienced person to carry out the duties of Assistant Wastewater Collection Systems Manager.  Ward was the only candidate with a college degree and at the time Ward ran the Pump Maintenance Division, which had a budget of $4,853,570.00 and 53 employees.  The Pump Maintenance Division had recently been transferred to the newly organized Wastewater Collections Division.  Ward was also independently ranked as the number one candidate by the human resources staff.  According to Sprull, each Department of Public Works employee and supervisor, including Ratcliff and Jenkins, have been provided a copy of and were trained in the EEO policy, and that the selection process was free of prohibited motives and complied with Civil Service and EEO rules.

These undisputed facts demonstrate that the plaintiff cannot establish a prima face case of race discrimination under Title VII or § 1981.  Although the plaintiff is a member of a protected class and was qualified for the position he sought, another better

---

[9] Ratcliff and Jenkins are both white males.  Sprull affidavit, ¶ 2; record document number 23-2, statement number 3.

[10] Sprull affidavit, ¶ 4; record document number 23-2, statement number 8.

qualified black person was selected for the job.  Furthermore, the plaintiff has not come forward with any evidence to dispute the defendant's legitimate, nondiscriminatory explanation and factual basis for choosing Ward over the plaintiff or the other candidates. Plaintiff's conclusory assertion that defendant went outside the division to select an individual whose work history was not as strong as his, is clearly insufficient to create a genuine dispute for trial.[11]  Based on the competent summary judgment evidence offered by the defendant, no reasonable jury could find that the plaintiff's race was a motivating factor in the decision to deny plaintiff the position of Assistant Wastewater Collection Systems Manager.

Likewise, the defendant has demonstrated that summary judgment should be granted on the plaintiff's claim of retaliation.  The record establishes and the defendant does not dispute that the plaintiff engaged in protected activity by filing an EEO complaint in 1990.[12]  It is also undisputed that the plaintiff experienced an adverse employment action when he applied for and was denied the

---

[11] Complaint, ¶ 8.  While work experience is one component of determining who is more qualified, greater experience alone will not be sufficient to raise a fact question as to whether one person is clearly more qualified than another. *Nichols v. Loral Vought Systems Corp.*, 81 F.3d 38, 41-42 (5th Cir. 1996); *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 412 (5th Cir. 2007).

[12] Sprull affidavit, ¶ 6; record document number 23-2, statement number 11.

job as Assistant Wastewater Collection Systems Manager. Yet, there is no evidentiary basis in the record to reasonably infer a causal connection between the plaintiff's protected activity and denial of the promotion.

The undisputed facts show that the protected activity occurred approximately 16 years before the plaintiff applied for the assistant manager job. There is no evidence that any member of the selection committee had knowledge of the plaintiff's previous EEO complaint at the time he applied for and was denied the position. Given this evidence, the lack of any evidence to refute the defendant's legitimate, nonretaliatory reasons for selecting Ward, and the absence of any evidence that the plaintiff was clearly better qualified than Ward, no reasonable trier of fact could conclude that but for the plaintiff's protected conduct he would not have been rejected for the position.

## Conclusion

No reasonable jury could infer that racial discrimination or retaliatory intent was the reason or a motivating factor in the defendant's decision not to select the plaintiff as the Assistant Wastewater Collection Systems Manager. Defendant has demonstrated that there is no genuine dispute for trial as to the plaintiff's claims of race discrimination and retaliation under Title VII and § 1981.

Accordingly, the Motion for Summary Judgment filed by defendant the City of Baton Rouge, Parish of East Baton Rouge Department of Public Works is granted.

Baton Rouge, Louisiana, October 21, 2009.

                                            STEPHEN C. RIEDLINGER
                                            UNITED STATES MAGISTRATE JUDGE